UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6230-CR-DIMITROULEAS

UNITED STATES OF AMERICA,        :

        Plaintiff,        :

v.        :

ALDIN WILSON, et al.,        :

        Defendants.        :



FILED by _____ D.C.

AUG 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on August 15, 2000, a hearing was held to determine whether the defendant **Marc Anthony Johnson** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Marc Anthony Johnson** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.    The defendant is charged with conspiracy to import and to possess with intent to distribute more than 100 kilograms of marijuana, importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 963, 952(a), 846 and 841(a)(1). Therefore, the defendant is charged



with offenses involving a Schedule I controlled substance.   18
U.S.C. § 3142(g)(1).

2.   The weight of the evidence against the defendant is
substantial.   Government witnesses will testify that during the
time period of May 31, 2000 through August 6, 2000, Aldin Wilson
had numerous meetings and conversations with a confidential
informant (CI) of the Drug Enforcement Administration regarding
plans to import a load of marijuana from Jamaica.   Wilson was in
charge of arranging for the marijuana and the financing; the CI was
in charge of transportation, including securing an airplane.   On
June 6, 2000, Wilson, Esrom Williams and Thaddeus Warren met with
the CI at a warehouse in Fort Lauderdale where the marijuana was to
be stored.

On August 6, 2000, a second confidential informant flew
to Jamaica, where he picked up the marijuana and transported it to
Florida, via Guantanamo Bay, Cuba.   After the arrival of the drugs,
Wilson and the CI agreed that Wilson and his people would get 60%
of the marijuana, and the CI would receive 40%.   The CI declined to
transport the marijuana to New York.

On August 9, 2000, agents observed Wilson, Williams and
David Nesbeth travel to a hotel, where they were joined by Marc
Anthony Johnston.   The men then went to a Texaco station, where
Granston rented a U-Haul van.   The group then went to the
warehouse, where Williams, Warren, Granston and Nesbeth began
loading the marijuana into the van.   All four were arrested during

the loading process; Wilson and Johnson were apprehended at a
nearby location.

After being advised of his Miranda rights, Johnson told
agents that he and Nesbeth had come together from Jamaica. Johnson
stated that he had provided Wilson with ten pounds of marijuana,
for which he was to be paid $5,000. He denied any involvement with
the load of marijuana that was stored in the warehouse. 18 U.S.C.
§ 3142(g)(2).

3.    The pertinent history and characteristics of the
defendant are that he is a Jamaican citizen and resident who
entered the United States two weeks prior to his arrest. His ties
to the United States are minimal, and he must be deemed to be a
risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4.    There is probable cause to believe the defendant
conspired to import and to possess with intent to distribute a
substantial quantity of marijuana, and did import and possess with
intent to distribute 1700 pounds of marijuana, offenses punishable
by more than five years under the Controlled Substances Act, 21
U.S.C. § 801, et seq. Accordingly, the defendant constitutes a
danger to the community. 18 U.S.C. § 3142(g)(4).

5.    The Court specifically finds that there are no
conditions or combination of conditions which reasonably will
assure the defendant's appearance as required and/or the safety of
any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community, and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a)    That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)    That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)    That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 22nd day of August, 2000.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Bertha Mitrani (FTL)
Pretrial Services (FTL)
Junior Farquharson, Esq.

4